**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | |
|---|---|
| In re:<br><br>German Octavio Polanco and Sarinem Polanco,<br><br>*Debtor*(s) | Case No.: 25-30271 (AMN)<br>Chapter 7<br><br><br>Re: ECF No. 13 |

# MEMORANDUM OF DECISION AND ORDER GRANTING UNITED STATES TRUSTEE'S MOTION TO COMPEL ACCOUNTING AND DISGORGEMENT OF FEES

German Polcano and Sarinem Polcano ("Debtors") commenced this case on March 28, 2025, with the filing of a voluntary Chapter 7 bankruptcy petition. ECF No. 1 (the "Petition").

Before the Court is the United States Trustee's Motion to Compel Kiva Waters to Appear and Show Cause Why She Should Not Provide an Accounting and Disgorge Attorneys Fees For Her Acts and/or Omissions Under 11 U.S.C. § 329. ECF No. 13 (the "Motion"). Attorney Waters is not admitted to practice law in the sate of Connecticut before either the United States District Court or the Connecticut Superior Court.

There is no signature of an attorney on the Debtors' Petition,[1] nor has an attorney filed (i) an appearance on behalf of the Debtors or (ii) a statement pursuant to Bankruptcy Rule 2016(b) disclosing compensation paid or promised to an attorney for the Debtors. *See* ECF 1 and the case docket generally. There is no signature of a bankruptcy petition

---

[1] The Debtors' Petition does not include page 8 of the Official Form 101 which contains a declaration for debtor's counsel and a signature block beneath the declaration for debtor's counsel to sign and date, and lines for debtor's counsel to provide their contact information. Compare Official Form 101, p. 8 and ECF 1, p.8

preparer on the Debtors' Petition and the Debtors checked "no" in response to the Petition question which asks "[d]id you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms." ECF 1at p. 8.

The Debtors checked "yes" in response to Question 16 of their Statement of Financial Affairs which asks, "within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition." ECF 1 at p. 44. The Debtors stated that they paid Kiva Waters $3,500 for "document preparation fees" in February 2025. *Id*.

During the August 6, 2025, hearing on the Motion Attorney Waters appeared and acknowledged she prepared the bankruptcy petition and schedules for the Debtors and provided legal advice to the Debtors in this case, relating to the exemptions they could claim when filing their petition. ECF No. 35 at 6-7. Additionally, Ms. Waters indicated she provided legal advice to the Debtors with respect to two reaffirmation agreements. *Id*. at 8.

As noted above, Ms. Waters is not licensed to practice law in Connecticut, is not admitted to practice before the District Court or Bankruptcy Court, and has not sought permission to appear on a *pro hac vice* basis for this case.

Pursuant to 11 U.S.C. §§ 329, 330 and Fed.R.Bankr.P. 2017, the Court has a duty to review payments to professionals and ensure that such payments reflect a reasonable price compared to the value of the services provided.

> Courts have long acknowledged that debtors are in a vulnerable position and therefore might be reluctant to object to fees they have paid or agreed to pay. In order to prevent overreaching by an attorney, and provide protection for creditors, section 329 requires that an attorney submit a

statement of compensation to enable the court to determine if the fees are reasonable.
3 Collier on Bankruptcy ¶ 329.01 (16th ed. 2024).

The Court is required to review and approve attorney's fees charged to Debtor's pursuant to 11 U.S.C. § 330.  "Under Section 330(a), the applicant bears the burden of proof on its claim for compensation.  This burden is not to be taken lightly, especially given that every dollar expended on legal fees [usually] results in a dollar less that is available for distribution to the creditors or use by debtor." *In re Northwest Airlines Corp.*, 400 B.R. 393, 398 (Bankr. S.D.N.Y. 2009) (cleaned up).  "Even in the absence of an objection, the bankruptcy court has an independent duty to review fee applications to protect the estate[.]" *In re Keene Corp.*, 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997).  If such compensation exceeds the reasonable value of any such services, the Court may cancel any such agreement, or order the return of any such payment, to the extent excessive.

Further, pursuant to Rule 5.5 of both New York's and Connecticut's Rules of Professional Conduct, and Conn.Gen.Stat. § 51-88, Ms. Waters is not permitted to practice law by providing legal advice where she is not licensed as an attorney.  See also Connecticut Practice Book § 2-44A.

Accordingly, because Ms. Waters admits she provided legal advice to the Debtors in preparing their petition and schedules, advised the Debtors as to their exemptions, and prepared various reaffirmation agreements, and because she is not admitted to practice law in the State or District Courts of Connecticut, it is hereby

ORDERED: On or before November 21, 2025, Ms. Waters must disgorge the $3,500 payment by paying that sum to the Debtors, and must file a notice of compliance and a certificate of service on the docket in this case.  The Clerk is requested to accept

Ms. Waters filing in hard copy (which is otherwise not permitted for an attorney under this Court's Local Bankruptcy Rules) in light of her non-admittance to this Court and the requirements of this Order.

Dated this 16th day of October, 2025, at New Haven, Connecticut.

Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut